# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MASON MCCORMICK, # 408833**                                                        **PLAINTIFF**

**v.**                                                                 **CAUSE NO. 1:17CV265-LG-RHW**

**DEPUTY KROUSE**                                                                             **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Mason McCormick initiated this action on September 25, 2017. At the time, he was a pretrial detainee at the Harrison County Detention Center.

On December 18, 2017, the Court ordered McCormick to clarify his physical address by December 28. Having received no response, on January 11, 2018, the Court entered the Order to Show Cause [12], ordering him to show cause, by January 25, why this case should not be dismissed for failure to obey the Court's prior Order [10]. When McCormick still failed to respond, the Court entered the Second Order to Show Cause [14], on February 8, giving him one last chance to comply.

All three Orders were mailed to both McCormick's address of record at the jail and the free-world address contained in his Motion to Change Address [8]. Only the copies of the first two Orders that were sent to the jail were returned as undeliverable. The Second Order to Show Cause was not returned, nor were any Orders that were sent to the free-world address. To date he has not responded or

otherwise contacted the Court.  The Court has warned McCormick that failure to comply may result in this case being dismissed.  (2d Order to Show Cause at 1-2); (1st Order to Show Cause at 1); (Order Den. Disc. & Change of Address at 2); (Order Setting Payment Schedule at 2-3); (Dkt. 4 at 2).  It is apparent from his failure to respond or otherwise communicate with the Court that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id*. at 629-30.  Since Defendant has never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Court's Orders.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 12th day of March, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.

UNITED STATES DISTRICT JUDGE